NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted June 1, 2011
Decided June 6, 2011

### Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 10-2886 | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| ANTHONY JEROME BANDY, *Defendant-Appellant*. | No. 2:09cr125-001 Rudy Lozano, *Judge*. |

### Order

Anthony Bandy pleaded guilty to possessing a firearm despite a felony conviction. 18 U.S.C. §922(g)(1). The district court sentenced him as an armed career criminal because three of his convictions are violent felonies under 18 U.S.C. §924(e)(2)(B). Bandy was sentenced to 210 months' imprisonment. His appointed attorney has moved to withdraw, concluding that the appeal is frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Bandy filed a response under Circuit Rule 51(b).

Bandy contends, among other things, that his guilty plea is invalid because he is not mentally competent. He tells us that he suffers from "obsessive-compulsive disorder, pre-pubescent adolescent retardation, and a hero complex." He does not submit any medical evidence, however, or even contend that a physician or psychologist ever has concluded that he suffers from any mental shortcoming. Self-diagnosis does not call into question a person's competence to plead guilty. The district court addressed Bandy

personally during the plea colloquy, and nothing in his responses implies any deficit in his understanding of the charges or the legal process, or his ability to consult with counsel. See *Dusky v. United States*, 362 U.S. 402 (1960) (discussing the mental state required for a guilty plea). At the end of this colloquy, the judge found Bandy competent. We have reviewed the presentence report in addition to the plea colloquy. The PSR relates: "defendant denied any history of mental health treatment." The PSR also states that Bandy is a high school graduate. Neither Bandy nor his lawyer took issue with either aspect of the PSR before or at sentencing. An appeal based on a premise of mental incompetence would be frivolous.

Bandy also contends that his 1996 conviction in Georgia for burglary should not have been counted as a violent felony. Counsel also considered this subject and concluded that such an argument would be frivolous. We agree with counsel's assessment. Burglary is a violent felony, §924(e)(2)(B)(ii), and a state conviction for burglary counts when it meets the federal definition of generic burglary—entry into a building for the purpose of committing a crime. See *Taylor v. United States*, 495 U.S. 575 (1990). Georgia's statute, Ga. Code §16–7–1(a), covers several different kinds of burglary, see *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006), and is divisible under the approach of *United States v. Woods*, 576 F.3d 400, 404 (7th Cir. 2009). As *Taylor* permits, see 495 U.S. at 599–602, the district court looked at the charging documents to determine whether Bandy was convicted of generic burglary. The indictment specifies that Bandy and others entered several dorm rooms on a college campus, intending to steal the occupants' possessions. That meets the federal definition of generic burglary. And, given *Almendarez-Torrez v. United States*, 523 U.S. 224 (1998), it would be frivolous to argue that any details about this conviction had to be proved anew beyond a reasonable doubt in the federal prosecution. (Bandy acknowledges that the 1996 Georgia conviction is his, rather than that of someone else with the same name.)

Bandy contends that counsel should have asked the district judge to ignore the 1996 conviction because, he asserts, his lawyer in the Georgia prosecution did not advise him that a burglary conviction would have collateral consequences, such as a longer sentence for a later conviction for another crime. That argument is frivolous. *Custis v. United States*, 511 U.S. 485 (1994), holds that convictions used to support federal recidivist enhancements may be contested on only one ground: that the defendant, if indigent, was not offered the opportunity to have the assistance of counsel at public expense. Bandy was represented by counsel in the Georgia prosecution, so *Custis* precludes the sort of argument Bandy now proposes to make.

Bandy also contends that the district judge should have suppressed some evidence that the prosecutor wanted to use, if a trial had been held. Bandy's unconditional guilty plea waives that contention, see *United States v. Broce*, 488 U.S. 563 (1989), so his proposed appellate argument would be frivolous.

Counsel correctly concluded that any challenge to the 210-month sentence would be frivolous. The sentence falls within a properly constructed range (188 to 235 months)

and therefore is presumed reasonable. *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). See *Rita v. United States*, 551 U.S. 338 (2007). The judge explained why he chose 210 months, discussing the seriousness of Bandy's offense, his criminal history (he has many convictions in addition to the three violent felonies), and the need to deter other felons from acquiring firearms. See 18 U.S.C. §3553(a). The sentence is unexceptionable.

Counsel's motion to withdraw is granted, and the appeal is dismissed as frivolous.